**\*\* E-filed April 19, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN TOUCH REALTY INVESTMENT, INC.; PACIFIC BLUE OCEAN INVESTMENT, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>RITA CALARA,<br><br>    Defendant.<br>_____/ | No. C12-01787 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: Docket No. 1] |

**INTRODUCTION**

On April 10, 2012, defendant Rita Calara removed this unlawful detainer action from Santa Clara County Superior Court. Dkt. No. 1 ("Notice of Removal"). For the reasons stated below, the undersigned ORDERS that this case be reassigned to a district judge, and RECOMMENDS sua sponte that this action be summarily remanded to state court.

**DISCUSSION**

Plaintiffs In Touch Realty Investment, Inc. and Pacific Blue Ocean Investment LLC (collectively "plaintiffs") filed this unlawful detainer action against defendant Rita Calara on March 20, 2012 in Santa Clara County Superior Court. Notice of Removal, p. 16 ("Complaint"). According to the complaint, plaintiffs acquired the subject property, a San Jose residence, through a foreclosure trustee's sale on February 8, 2012, in accordance with California Civil Code section 2924.

Complain, Exh. 1, p. 2. On March 14, plaintiffs served defendant with a three-day Notice to Quit. Complaint ¶ 5. Defendant did not respond to the Notice, nor did she vacate the property. Id. at ¶ 7.

Removal to federal court is proper where the federal court would have had original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Ordinarily, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. Thus, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, Calara asserts that removal is proper based on federal question jurisdiction. See Notice of Removal ¶ 5. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Alternatively, the complaint may establish that the plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Discovery Bank, 129 S. Ct. at 1272.

Calara asserts that because she raised a federal law in one of her affirmative defenses, that defense "comprises the basis of a federal claim . . . now raised in the instant removal motion." Notice of Removal ¶ 2. This assertion is an incorrect statement of the law; the existence of a federal defense does not create original federal jurisdiction for removal purposes. Plaintiffs' complaint

2

1 alleges only a cause of action for unlawful detainer under California law; it does not allege any federal claims whatsoever. See Complaint. Moreover, resolving plaintiffs' unlawful detainer claim does not depend on resolution of any substantial issues of federal law. Accordingly, Calara has failed to show that this action arises under federal law.

Neither is there diversity jurisdiction over this action. Federal subject-matter jurisdiction based on diversity requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a).[1] In this matter, all parties, including Calara, appear to be citizens of California, and plaintiff's complaint expressly states that the amount in controversy is less than $10,000. Complaint p. 1. Therefore, there is no basis for this court to exercise jurisdiction based either upon a federal question or diversity.

## CONCLUSION

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Court judge. The undersigned further RECOMMENDS that the newly assigned judge summarily remand the case to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: April 19, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Additionally, the "forum defendant rule" ordinarily imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see Spencer v. U.S. Dist. Ct. for the Northern Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004). However, the Ninth Circuit has held this rule to be procedural and a waivable defect in the removal process, and a court acting *sua sponte* may not base its decision to remand solely upon such a defect. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 935-36 (9th Cir. 2006).

**C12-01787 HRL Notice will be electronically mailed to:**

Nancy Weng         nweng@tsaochow.com
Arasto Farsad      FarsadLaw1@gmail.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4